WIENER, Circuit Judge, specially
concurring:
I concur with the Court’s decision and write separately only to clarify two points that I believe deserve further amplification to assist future courts in reviewing claims for denial of ERISA benefits.

A. The “Direct-Contradiction Exception’’ to the Wildbur Two-Step Framework

As the panel opinion recognizes,[1] we announced in Wildbur v. ARCO Chem. Co. the two-step test that courts in our circuit should employ when analyzing a challenge to the denial of ERISA benefits by a plan administrator vested with broad discretion to interpret and apply the plan.[2] Under Wildbur, the court first must decide whether the plan administrator’s interpretation of the plan is legally correct. If it is, the inquiry ends because no abuse of discretion could have occurred; but if the administrator’s determination is found not to be legally correct, the court must determine whether the administrator’s legally incorrect decision also rose to the level of abuse of discretion,[3] which in this context is equivalent to an “arbitrary and capricious” decision.[4]
Although it is true that reviewing courts are not “rigidly confined” to the Wildbur test in every case,[5] that framework — caleu- *633 lated to ensure that proper deference is accorded to a plan administrator’s interpretation and application of an ERISA plan — should be used by reviewing courts unless compelling circumstances justify a departure. The purpose of this two-step analysis is to minimize judicial intrusion into the ERISA plan administration process and to manage the often-competing interests and constituencies involved in ERISA plans.
Today’s panel opinion, however, employs a method that is an exception to the Wild-bur framework and concludes that Burlington reached an interpretation that was not merely “legally incorrect,” but did so “in a manner that directly contradicts the plain meaning of the plan language.”[6] Our post-Wildbur jurisprudence recognizes that in the exceptional instance when the plan administrator’s decision is such a direct contradiction of the plan’s plain language that there is no room to support the plan administrator’s discretionary interpretation, a reviewing court can short-circuit the Wildbur process and refuse to give any effect to the plan administrator’s interpretation.[7] This is not only efficient but also avoids reaching “the anomalous finding that a Plan administrator’s interpretation which directly violates the plain meaning of the plan language is not an abuse of discretion simply because the plan language has always been interpreted in the same manner and there are no inferences of bad faith.”[8]
For the reasons already stated in the panel opinion,[9] this exception' — which clearly constitutes a substantial departure from the well-established base rule of Wildbur — is warranted on the unique facts of this case in light of the language of the ERISA plan here at issue. I write separately to emphasize that courts should be chary about resorting to application of this direct-contradiction exception to the Wild-bur framework: Just because a court disagrees with the plan administrator’s interpretation of the plan by finding it legally incorrect does not necessarily mean that the administrator has been arbitrary or capricious.

B. Choosing Between Two ERISA Entities Entitled to Exercise Discretionary Authority under the Plan

Although the Wildbur framework and the direct-contradiction exception to it that we employ today are relatively straightforward, this case poses, an additional question, because the plan at issue extends discretionary authority to interpret the plan to two ERISA entities — the plan administrator (Burlington) and another plan fiduciary (MetLife).[10] On the peculiar facts of this case, the task of selecting between competing interpretations by these two entities became a non-issue because the direct-contradiction exception to Wildbur vitiates the need to accord any deference to the interpretation by Burlington as plan administrator. If, however, we had merely determined that Burlington’s interpretation was legally incorrect but not arbitrary or capricious, we would have been required to defer to Burlington and credit its interpretation over MetLife’s for two reasons. First, when an ERISA plan administrator has discretionary authority concerning the decision at issue, we presume that the administrator’s interpreta *634 tion of the plan is correct unless the presumption is overcome under the Wildbur test. The second reason that Burlington’s interpretation would have trumped Met-Life’s is that, under Vega v. Nat’l Life Ins. Services, Inc.,[11] Burlington did not labor under a conflict of interest whereas because MetLife “potentially benefits from every denied claim,” its decision would have been entitled to “less than full deference.” [12] Thus, had we been forced to choose between an unconflicted plan administrator and a Vega- conflicted plan fiduciary, we would have been constrained to defer to the administrator.
To summarize, I concur specially only to expand our guidance on two points: First, the direct-contradiction exception to application of the two-step Wildbur framework should be used by reviewing courts sparingly and with restraint. Second, when a reviewing court must choose between, on the one hand, an interpretation made by an unconflicted plan administrator that is legally incorrect but is not arbitrary or capricious, and, on the other hand, an interpretation made by a Vet/a-conflicted plan fiduciary, the court must side with the plan administrator.

. See Maj. Op. at 629 & n. 11.

. 974 F.2d 631, 637-638 (5th Cir.1992).

. Id.

. See Maj. Op. at 629 n. 9.

. Duhon v. Texaco, Inc., 15 F.3d 1302, 1307 n. 3 (5th Cir.1994) (relying on Wildbur s notation that "[application of the abuse of discretion standard may involve [the] two-step process.” (quoting Wildbur, 974 F.2d at 637 (adding emphasis))). Accord Gosselink v. AT&T, Inc., 272 F.3d 722, 727 (5th Cir.2001); Threadgill v. Prudential Securities Group, Inc., 145 F.3d 286, 292 n. 12 (5th Cir.1998).

. Gosselink, 272 F.3d at 727 (emphasis added).

. Id.

. Id.

. Maj. Op. at 631 ("Burlington’s resort to an agreement extraneous to the Plan and its determination that Baker was entitled to the increased benefits are in direct conflict with the terms of the Plan.”).

. Maj. Op. at 630 n. 12.

. 188 F.3d 287, 297 (5th Cir.1999) (en banc) ("[W]e reaffirm today that our approach to this kind of case is the sliding scale standard articulated in Wildbur. The existence of a conflict is a factor to be considered in determining whether the administrator abused its discretion in denying a claim. The greater the evidence of conflict on the part of the administrator, the less deferential our abuse of discretion standard will be.”). See also Wildbur, 974 F.2d at 638-42 (5th Cir.1992) ("We note that the arbitrary and capricious standard may be a range, not a point. There may be in effect a sliding scale of judicial review of trustees' decisions — more penetrating the greater is the suspicion of partiality, less penetrating the smaller that suspicion is..

. Maj. Op. at 629 n. 10.